UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TRE MCPHERSON ET AL                           :

vs.                                           :    CIVIL NO. 3:20-CV-534

NED LAMONT ET AL                              :    May 2, 2020

**MOTION FOR PERMISSION TO APPEAR AS AMICUS CURIAE AND TO ARGUE EIGHTH AMENDMENT CLAIMS, PROPRIETY OF 28 U.S.C. 2241 HABEAS APPLICATION, AND FEDERAL JURISDICTION**

The undersigned counsel respectfully moves the Court to permit him to appear as *amicus curiae* on behalf of the Office of the Federal Defender in the cases of Tre McPherson, Pattikate Williams-Void, John Doe, John Roe, and Thomas Caves for the limited purpose of filing a brief arguing the issues (1) whether the petitioners have articulated a cognizable Eighth Amendment violation and the applicable standard of review; (2) the propriety of a 28 U.S.C. §2241 petition for a writ of habeas corpus as the vehicle for addressing this alleged constitutional violation customarily raised by way of 42 U.S.C. § 1983; and (3) exhaustion of remedies and cause and prejudice. A copy of the proposed brief is attached to this filing as *Exhibit* 1. Counsel for the respondent objects to the granting of this motion, *infra*, paragraph 9. In support of this motion, the proposed *amici* represents as follows:

(1) There is, or likely to be, pending in this case an issue regarding whether the failure to release immuno-compromised inmates in light of the COVID-19 pandemic constitutes a cognizable Eighth Amendment violation pursuant to the unreasonable bail clause for pretrial detainees and the cruel and unusual punishments clause for sentenced inmates as set forth in *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)("deliberate indifference" to a prisoner's serious medical needs is cruel and unusual punishment) and related case law.

The issue whether the petitioners have articulated a cognizable Eighth Amendment claim is of vast importance because, regardless of state and federal jurisdictional distinctions, that standard will be equally binding upon federal, as well as state, detainees by virtue of its constitutional significance.

(2) There is also pending, or likely to be pending, issues regarding whether the Eighth Amendment right at issue is properly asserted by way of 28 U.S.C. §2241 (habeas corpus) or 42 U.S.C. § 1983. Given that the Federal Defenders are charged from time to time with litigating §2241 petitions, they have an interest in this issue as well. Significantly, jurisdiction for §2241 habeas lies in the district of confinement rather than the district issuing the order resulting in confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); *see also* 28 U.S.C. §2241(a)("The order of a circuit judge shall be entered in the records of the district court wherein the restraint complained of is had"). Given the District of Connecticut's limited geographic reach and the national reach of the Federal Bureau of Prisons, there is a distinct possibility the proposed *amici* will be *more* affected by inmates confined within the Connecticut Department of Corrections than in the Federal Bureau of Prisons. *See infra,* ¶6.

(3) There is also pending, or likely to be pending, an issue with respect to the exhaustion and procedural default rules for a §2241 habeas claim the cause and prejudice standard. In spite of the fact that this case concerns state convictions, the Second Circuit has applied the same exhaustion to federal as well as state inmates in the §2241 context. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 633 (2nd Cir., 2001). Accordingly, the proposed *amici* have an interest in this issue as well.

2

(4) The proposed *amici* do not intend to address issues of class certification or those concerning 42 U.S.C. § 1983 issues.

(5) The Federal Defenders represent the large majority of federal criminal defendants in the District of Connecticut, thus the Federal Defenders very often have clients who may be subject to the Eight Amendment, habeas corpus uses, and exhaustion standards defined in this case.

(6) In addition to the number of clients the Federal Defenders represent who could be affected by this Court's judgment of the Eighth Amendment standards, habeas, and exhaustion standards, the Federal Defenders represent many clients who are in Connecticut Department of Corrections Custody by virtue of: (1) a primary state bond in a case that has been adopted from the State of Connecticut by the United States Attorney's Office; (2) federal clients who are held in Connecticut Department of Corrections custody by virtue of United States Marshall's service contracts with the State of Connecticut; (3) sentenced inmates who are serving state and federal sentences in the primary custody of the Connecticut Department of Corrections; and (4) sentenced inmates who are in the primary custody of the Bureau of Prisons but subject to detainers held by the State of Connecticut and, therefore, could easily be affected by the standards developed in this case. *See*, *supra*, ¶2.

(7) The judges of this district have permitted the Office of the Federal Defender to appear in prior cases involving questions of legal significance. *See United States v. Torrence McCowan*, 3:08-cr-4, Doc No. 1010; *United States v. David Alvarado*, 3:11-cr-194(JAM), Doc No. 37; *United States v. Jackson*, 3:06-cr-151(VLB) Doc. No. 103.

(8) The undersigned has already prepared a brief and appended it to this motion so as to give the respondents as much notice as possible and interference with the expedited scheduling order, Doc. No. 23, as little as possible. Counsel has made every effort to prepare the brief as quickly as possible given the exigencies of the case. Should the Court grant this motion, counsel will file his appearance and his appearance and brief either (a) immediately upon the granting of the motion; or (2) contemporaneous the filing of the petitioners' brief on May 3, 2020.

(9) Undersigned counsel has contacted counsel for the parties. Counsel Dan Barret, for the petitioners, consent to the granting of this motion; Assistant Attorney General Terrence O'Neil, for the respondents, objects to the granting of this motion. His position is:

> We object to your application for leave to file an amicus brief for several reasons. Given the exceptionally short timeline set by the court, we do not believe we will have adequate time to respond to your arguments or to review them with our clients and our administration. Also, given the pendency of a similar action involving inmates housed at the federal facility in Danbury, we believe you have a forum in which to raise your concerns. Finally, because our motion to dismiss only addresses the jurisdiction of the district court over state officials, we do not believe that an amicus filed by the federal defenders would inform these issues of state sovereignty.

(10)   The undersigned, as a member of the Federal Defenders Office, respectfully requests permission to enter an appearance as *amicus curiae* to brief the limited issues of (1) the Eighth Amendment standard; (2) the propriety of 28 U.S.C. §2241 habeas in these circumstances; and (3) exhaustion and cause and prejudice.

Respectfully submitted,

TERENCE WARD
FEDERAL DEFENDER

Dated May 2, 2020

4

/s/Daniel M. Erwin/s/
By Daniel M. Erwin (ct28947)
FEDERAL DEFENDER'S OFFICE
Assistant Federal Defender
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106
Tel: (860) 493-6260
Fax: (860) 493-6269
Email: Daniel_Erwin@fd.org

**CERTIFICATION OF SERVICE**

This is to certify that on May 2, 2020, a copy of the forgoing was filed electronically via the Court's CM/ECF system, and by that system, counsel for the Government has been provided with a copy of the forgoing.

/s/Daniel M. Erwin/s/
Daniel M. Erwin

5