United States District Court
District of Connecticut

TRE MCPHERSON, ET AL : Civil No. 3:20-CV-0534 (JBA)
Plaintiffs
v.
NED LAMONT, ET AL. : July 13, 2020
Defendants

## Motion to Intervene

The Movant, DERRICK J. TAYLOR, is a member of the Class in the above captioned case and respectfully files this motion pursuant to Rule 24(b) of the Fed. R. Civ. P., in order to allow the movant to file the pleading attached hereto (Motion for Extension of Time to Appeal Settlement).

Respectfully Submitted

_Derrick J. Taylor_
DERRICK J. TAYLOR #179983
MacDougall Corr. Inst.
1153 East Street South
Suffield, CT 06080

SCANNED at MWCI
and Emailed
7/13/20 . ST . 17 pages
date    initials  No.

## Certification of Service

This is to certify that the foregoing was directly handed to the Connecticut Department of Correction employee tasked with E-Filing at the plaintiff's facility/unit, this 13th day of July, 2020, with automated forwarding to all parties of record.

## Copy Forwarded To

Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Terrence.oneill@CT.gov

Dan Barrett
ACLU Foundation of Connecticut
75 Asylum Avenue
Hartford, CT 06105

_/s/ Derrick J. Taylor_
DERRICK J. TAYLOR

United States District Court
District of Connecticut

| | |
|---|---|
| TRE MCPHERSON, ET AL. | Civil No. 3:20-CV-0534 (JBA) |
| Plaintiffs | |
| V. | July 13, 2020 |
| NED LAMONT, ET AL. | |
| Defendants | |

## Motion for Extension of Time to Appeal Settlement

The plaintiff, DERRICK J. TAYLOR, respectfully moves the Court pursuant to Rule 6(b) of the Fed. R. Civ. P. to extend the time for filing an appeal of the settlement of the above captioned Class Action, for the reasons described below.

The plaintiff is a member of the aforementioned Class, and has filed a timely objection with Class Counsel (Attachment A hereto), which has received no response to date.

The plaintiff respectfully requests a sixty (60) day extension of time within which to file an appeal of the above captioned Modified Settlement Agreement and General Release.

Pg. 1

## Section I - Issue Preclusion

Section H of the Modified Settlement Agreement And General Release in this case broadly releases state defendants for all claims which were raised or could have been raised in the above captioned Complaint.

To my understanding, based upon the Court ECF System, the Complaint is approximately one hundred fifty (150) pages long.

I have never seen this Complaint; to the best of my knowledge neither the plaintiff nor the defendants have made this Complaint available for review by Class members, and I do not have sufficient funds to pay the Court for a copy of the Complaint.

Like many prisoners I have had issues with Connecticut Department of Correction (Hereinafter "DOC") medical department wherein DOC medical has justified alleged deliberate indifference (denial/delay in treatment for serious injury) on the COVID-19 pandemic. Am I now to be barred by issue preclusion from seeking legal redress or even getting an injunction to receive treatment?

As evidenced by my unanswered objection to Class Counsel (Att. A) the "Notice" provided to the Class was so vague nobody, including myself, seems to have a grasp on what the above captioned case is actually about.

This Motion for Extension of Time to Appeal Settlement is appropriate because it should give the parties time to provide the movant with a clear understanding of what is being released, thereby avoiding the possibility that a blind appeal, made to conform with time requirements, would be a waste of the Circuit Courts' resources when simple clarification ~~may~~ suffice.

There is no question that the notice of settlement required under Rule 23(c) must provide sufficient information to allow class members to know whether to object. In the instant case the effects of the settlement could significantly impair my rights to sue for medical treatment but the notice is so vague and the release is so broad that it appears I'm expected to trade my rights away for a handful of magic beans.

Pg-3

## Section II  Adequacy of Class Counsel

Notwithstanding the 2003 Amendments to Rule 23 of the Fed. R. Civ. P., the Second Circuit still considers adequacy of class counsel an important factor in maintaining class certification.

IN RE: FLAG TELECOM HOLDINGS, LTD SECURITIES LITIGATION, 574 F. 3d 29, 35, Fed. Sec. L. Rep. (CCH) P95295 (2d Cir. 2009)

In the above captioned case (MCPHERSON V. LAMONT) inquiries to Class Counsel have gone unanswered, requests to view the Complaint ignored, and, as far as I can tell, the absolute lack of communication with anyone other than Ire McPherson is not by any means limited to the movant.

I have spoken to several prisoners who indicate efforts to contact class counsel have been equally unsuccessful.

As described below, at least at the MacDougall Correctional Institution (Hereinafter "MacDougall") the settlement is not being complied with for the most part, yet attempts to alert class counsel to this fact go unanswered.

Pg. 4

This apparent lack of interest is especially troubling because class counsel has agreed that any litigation to enforce this settlement will be do pro bono.

With all due respect(!), if class counsel isn't responding to the class when they are awaiting a check for forty-thousand dollars ($40,000.00) for their services, what hope is there that class counsel will become more responsive when working for free?

The failure to communicate with the class and/or to adequately notify the class of the specifics of the settlement and release call into question the adequacy of class counsel.

The instant Motion for Extension of Time to Appeal Settlement is appropriate to allow this issue to be addressed before Circuit Court intervention becomes necessary.

Section III - Sanitation

Speaking to conditions at MacDougall, Sections 17, 18, 19, 21 and 22 are not in effect, to varying degrees

- There is no soap being distributed weekly. There have been three (3) "care packages" containing hygeine items which prisoners have been told were donated, but soap is only available to inmates who have less than five dollars ($5.00) for ninety (90) consecutive days.

- Workers are lucky if they get thirty (30) minutes to quickly wipe down the unit once per shift. Anything more would cut into "C/o Time".

- In my unit cell cleaning has not occurred for over three (3) months. Cleaning supplies have actually been restricted and disinfectant is under the control of an inmate collaborator, by staff authority. I use commissary shampoo and stolen supplies to clean my cell.

- Since the begining of the COVID lockdown we have received an initial mask and then a second mask about a month later. There has been no "mask exchange" as described in Sec. D-22. Additionally, gloves for workers have been cut, with many workers relying on otherwise appropriated gloves to serve food, handle laundry and clean the unit.

I'm not sure, due to the vagueness of the settlement summary, if these are provisions for after the Court approves the agreement, but these things are definately not happening now.

Pg. 7

## In Conclusion

This is a brief synopsis of why I _personally_ need time to determine whether to appeal the impending settlement of the above captioned case.

Other prisoners, for example prisoners who are seventy (70) plus years old with HIV, stomach cancer, diabetes (amongst others) and who have been previously denied parole, may laugh at Section E of the agreement (as they have already been denied Discretionary Release out of hand) but that doesn't apply to me.

Significant clarification is needed for me to determine whether to appeal, and Class Counsel appears to be in no rush to provide said clarification.

For these reasons, the plaintiff respectfully requests 60 days to determine whether to appeal.

Respectfully Submitted

_____
DERRICK J. TAYLOR #179953
MacDougall Corr. Inst.
1153 East Street South
Suffield, CT 06080

Pg. 8

## Certification of Service

This is to certify that the foregoing was directly handed to the Connecticut Department of Correction employee tasked with E-Filing at the plaintiff's facility/unit, this __13th__ day of July, 2023 with automated forwarding to all parties of record.

## Copy Forwarded to

Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Terrence.oneill@ct.gov

Dan Barrett
ACLU Foundation of Connecticut
75 Asylum Avenue
Hartford, CT. 06105

_____
DERRICK J. TAYLOR

# Attachment- A

Derrick Taylor; #179983
MacDougall Corr. Inst.
1153 East Street South
Suffield, CT 06080

June 25, 2020

Dan Barrett, Esq.
ACLU Foundation of Connecticut
765 Asylum Avenue
Hartford, CT 06105

RE: MCPHERSON, ETAL. V. LAMONT, ETAL;
    Civil No. 3:20-CV-534 (JBA)

Dear Attorney Barrett,

While I recognize your office likely has received a significant volume of response to the settlement notice in the above captioned case, I have to respectfully ask that I speak to you or an associate no later than July 10, 2020.

Unfortunately, due to the tight time frames indicated by the June 17th notice, if I am unable to get some sort of clarification prior to July 10, 2020 I will be filing motions as an intervening party, as described below.

Pg. 1

The Notice to the Class of Settlement Agreement dated June 17, 2020 was so vague that nobody I've spoken to really understands what is meant by its provisions. Under 23(e) the notice must be sufficient to apprise an ordinary person of the terms of the settlement. While I am by no means an attorney, I have an extensive history of civil rights litigation, and I honestly have no idea what this notice actually provides.

I also have no idea whether this Class was certified as a Rule 23(b)(1), (b)(2) or (b)(3) action, which obviously affects potential opt-out rights I am likely to exercise. Obviously, the right to opt-out of a 23(b)(3) action is much more clear than that of a "mandatory" class action.

I really need a copy of the proposed Settlement Agreement and the Release to determine whether I will attempt to intervene, opt-out, file for decertification, appeal, or do nothing and accept the agreement. Unfortunately, the notice provides so little information I honestly do it know.

Pg. 2

I will say that if the District Court does not retain jurisdiction I want no part of the settlement. I saw firsthand how the State and the ACLU of Connecticut collaborated during the OPA v. CHOINSKI litigation and I will not be complicit to that type of oppression.

Similarly, if the DOC is currently claiming that the obligations delineated in Sec. II (1) through (9) of the Notice of June 17th are being met, especially if your office is certifying such compliance, I will do everything I can to de-certify the Class. I can say definitively that #'s (3), (6) and (7) are simply not happening here at Connecticut's largest prison.

Furthermore, testing just began this week, months after myself and many others very likely suffered through a Covid-like flu so serious I actually thought I was dying — to my understanding a few prisoners here @ MacDougall did die. This proposed settlement does nothing but immunize the DOC from suit for their utter failure in the past 60 or so months.

And let's be clear, the DOC policy of placing people in the hole ("RHU") if we dare to seek medical treatment for COVID-like symptoms is, in and of itself, an Eighth Amendment violation. And this policy is not new; every flu season dozens of prisoners are placed in the hole for going to medical w/ flu symptoms. You want to talk about a <u>genuine</u> public safety issue — these people (DOC) punish people who may be symptomatic + contagious by housing them in Punitive segregation, thereby disincentivising sick people from seeking treatment, leading to <u>massive</u> flu spread every year. While this settlement appears to bind me from litigating this issue, what does it do to "remedy it?"

And I could go on; unit hygeine, cell clean up, showers covered in black mold, kitchen workers demoted for seeking medical treatment while contageous, social distancing used as an excuse to halt physical therapy, elderly prisoners recieving <u>no</u> release consideration (some with cancer, HIV and a myriad other underlying conditions), prisoners disciplined for not wearing masks while guards openly do not. I don't see <u>any</u> of these issues being addressed, at all.

Pg. 4

So, with all due respect, if July 10, 2020 comes and goes without a substantive response, either in person or by telephone, I will be e-filing the aforementioned pleading on or about July 13, 2020.

Thank you for your time and consideration in this matter.

Sincerely

*Derrick J. Taylor*
DERRICK J. TAYLOR

C.C.
FILE