UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRE MCPHERSON, ET AL., | : | CIVIL NO. 3:20-CV-534 (JBA) |
| | : | |
| V. | : | |
| | : | |
| NED LAMONT, ET AL. | : | JULY 17, 2020 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR AN ORDER FINDING COMPLIANCE WITH THE ORDER GIVING NOTICE
TO THE CLASS AND FOR A FINDING OF ADEQUACY OF THE NOTICE GIVEN**

On June 6, 2020, following mediation supervised by the Hon. William I. Garfinkel, the parties agreed on a settlement. See Transcript June 6, 2020, copy attached, **Exhibit 1**. On June 12, 2020, this Court (*Arterton, J*.) approved the motion to certify the class as "all persons who were incarcerated in a DOC facility from March 1, 2020, or are incarcerated, or in the future will be so incarcerated, until the termination date of this Agreement, December 31, 2020." ECF Doc. #108.

On June 17, 2020, the parties filed a Joint Motion for Order Directing the Giving of Notice to the Class (ECF Doc. #111). Attached to the parties' motion was the proposed Notice to the Class, and the parties jointly requested that this Court review and approve the Notice. *See* ECF Doc. #111-2. On June 19, 2020, this Court approved of the adequacy of the Notice, and granted the Order Directing Notice to the Class. *See* ECF Doc. # 115. The Court also attached to its order the Approved Exhibit A, the Notice to the Class, signed by the Court and dated June 19, 2020. ECF Doc. #115-1. This is the Notice that appears on the Department of Correction (DOC) website.[1] For the reasons

---

[1] https://portal.ct.gov/-/media/DOC/Pdf/Coronavirus-3-20/Notice-to-the-Class-re-Settlement-of-Covid19-related-lawsuit-062320.pdf (last visited July16, 2020); see also Declaration of District Administrator (DA)Nick Rodriguez, **Exhibit 2**, and Exh A, attached thereto. As attested to by DA Rodriguez, and as the Court can take judicial notice of the DOC website, the Notice to the Class was translated into Spanish and also posted in Spanish on the website. *See* https://portal.ct.gov/-/media/DOC/Pdf/Coronavirus-3-20/Notice-to-the-Class-re-Settlement-of-Covid19-related-lawsuit-Spanish-062520.pdf; Rodriguez Decl., ¶ 9, Exh. B, attached thereto.

discussed below, the Court should make findings of facts that the giving of the Notice to the class was adequate.

The parties jointly seek approval of the Modified Settlement Agreement and General Release, dated June 26, 2020, and Defendants respectfully seek an Order finding that there was material compliance with the Order Directing the Giving of Notice, and that the Notice given to the class fairly and adequately apprised them of the terms of the parties' Settlement Agreement and the General Release.  Counsel for the Class does not oppose this request.

## I. THE COURT SHOULD FIND THAT THE CLASS RECEIVED ADEQUATE NOTICE

**A. The Method of Giving Notice Fairly Apprised The Class Of The Terms Of The Settlement and Their Options To Either Object or Comment In Support of the Settlement**

As was previously briefed and discussed in the parties' joint motion seeking approval of the Notice, this is a mandatory, non-opt-out class action for injunctive relief only under Rule 23(b)(2) Fed. R. Civ. P.  As the Supreme Court emphasized, claims for *individualized* relief (like the claims of the objectors, especially objectors represented by prior class counsel, Attorney Taubes),[2] do not satisfy

---

[2] Defendants' counsel have an obligation under Rule 8.3 of the Rules of Professional Conduct to alert the Court to the potential of a violation of Rule 1.9 of the Rules of Professional Conduct by Attorney Taubes. Rule 1.9 prohibits an attorney who formerly represented a client, (in this case an entire class of over 9,700 inmates), from representing another person, i.e. the 50 objectors represented by Attorney Taubes, if the interests of the new clients are materially adverse to the interests of the former clients, unless the former clients give informed written consent.  At the time the Settlement was signed, June 6, 2020, Attorney Taubes represented the class, and on May 11, 2020, had filed an appearance for "all plaintiffs." Doc. #45. Class counsel went on the record before Magistrate Judge Garfinkel, stating that the Agreement was fair, adequate, and reasonable. (It is not clear if Attorney Taubes was on that phone call, and the June 6 transcript does not reflect him being present.). On June 12, 2020, this Court granted the motion for class certification. Doc. #108. Attorney Taubes did not file his motion to withdraw as class counsel until June 17, 2020. Doc. #110. Admittedly, his motion to withdraw acknowledged a conflict, but that acknowledgement does not cure the Rule 1.9 problem presented here. The Court granted counsel's motion to withdraw on June 19, 2020. Doc. # 114. It seems inconceivable that present counsel for the objectors could have obtained informed consent in writing from over 9,700 class members who were his former clients, in order to represent the present group of 50 objectors. The Official Commentary to Rule 1.9 provides in part that "[u]nder this Rule, for example, a lawyer could not properly seek to rescind on behalf of a new client a contract drafted on behalf of the former client." This example is closely analogous to what the objectors seek to do here.

Rule 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011)("*Dukes*"). The Supreme Court in *Dukes*, 564 U.S. at 363 stated, "(b)(2) does not require that class members be given notice and opt out rights, presumably because it is thought (rightly or wrongly) that notice has no purpose when the class is mandatory, and that depriving people of their right to sue in this manner complies with the Due Process Clause." Thus, neither the plain text of Rule 23(b)(2) nor the holding of the United States Supreme Court requires that notice be given in this case. See *Messier v. Southbury Training Sch.*, 183 F.R.D. 350, 355 (D. Conn. 1998)(discussing in detail three policies which support this Court's refusal to allow movants to opt out of this (b)(2) action solely for injunctive relief.)

Nevertheless, a Notice, drafted jointly by the parties, with significant input from plaintiffs' counsel, was submitted to this Court and this Court previously concluded that the Notice fairly apprised the class of the terms of the Settlement Agreement, and it approved the Notice. ECF Doc. #115, #115-1.  In approving the Notice, this Court necessarily found that the Notice met the requirement that "the notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings….and it must be neutral.'" *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982)(other citations omitted). "Numerous decisions, no doubt recognizing that notices to class members can practicably contain only a limited amount of information, have approved 'very general description[s] of the proposed settlement,'(citations omitted)." *Id.*

Critically, the Notice did *not* advise the class members that they have a right to opt out, as that would not have been a reasonable interpretation of the law pertaining to (b)(2) classes, and it would not have been a "neutral" notice. The parties did not agree to any opt-out provision in the Agreement.

3

Instead, the plain language of the Approved Notice, ECF Doc. #115-1 states in relevant part, that: "This Notice is also to give you an opportunity *to comment on and/or object to* the Settlement, and how, when and where to mail your written comments and/or objections to it." The purpose of the Notice was *not* to inform class members that they could "opt-out." On the second page of the Approved Notice, the class members were informed as follows:

> **III.   PURPOSES OF THIS NOTICE**
> The Settlement Agreement is under review by the Court, and it will not take effect until and unless it is approved by the Court. If you wish *to submit any objections to or comments in support* of the Settlement Agreement, you should submit an explanation in writing *why you do or do not believe that the Settlement Agreement is fair, reasonable, and adequate.*
> This Notice is not intended to be, and should not be construed as, an expression or any opinion by the Court with respect to the truth of the allegations in the litigation or the merits of the claims or defenses asserted. This Notice is sent to advise you of this action and proposed settlement and of your rights with respect to this action.

(Emphasis added). "Notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them *an opportunity to present their objections*,' *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), and must express no opinion on the merits of the settlement, *In re Traffic Executive Association-Eastern Railroads,* 627 F.2d 631, 634 (2d Cir.1980). Subject to these requirements, however, <u>the district court has virtually complete discretion as to the manner of giving notice to class members</u>. See Fed.R.Civ.P. 23(e); 7A C. Wright & A. Miller § 1797 at 237." *Handschu v. Special Servs. Div.,* 787 F.2d 828, 832–33 (2d Cir. 1986)(emphasis added). "Because of the common interests of all its members, a Rule 23(b)(2) class seeking declaratory and injunctive relief is cohesive by nature and notice to a representative class membership may be considered sufficient." *Id.* at 833. (other citations omitted)

Here, the parties jointly proposed and the Court approved and so ordered the following: (1) Defendants shall arrange and pay for a sufficient number of copies of the Notice so that each person

4

who is incarcerated in a DOC facility shall receive an individual copy of the Notice to the Class. The defendants also made copies for the postings and subsequent 14 day distribution of notices. The Defendants have complied with such distribution to all inmates and postings. See Declarations from fourteen DOC facility wardens, attached to the accompanying Motion for Order Finding Compliance with Giving Notice and for a Finding of the Adequacy of the Notice Given (**Exhibits 3-16**). In addition, the Court (ECF Doc. #115) ordered:

2. No later than June 29, 2020, the Defendants shall distribute to each person who is incarcerated on the date established by the Defendants for the distribution of the Notice to all class members who are incarcerated on that date.[3]
3. For a period of fourteen consecutive days thereafter, the Defendants shall give a copy of the Notice to the Class to each person who is newly admitted to a DOC facility during that fourteen-day period of time.
4. In addition, a copy of the Notice to Class shall be posted in each housing unit, dormitory or other living areas where the Notice may be seen, in the discretion of the Warden of each DOC facility.
5. The DOC shall also post a copy of the Notice on the DOC's website.
6. The Defendants shall file with the Court, subsequent to the period of giving notice, and prior to the Fairness Hearing, a report setting forth how this Order Directing the Giving of Notice has been accomplished.[4]

"According to Professor Moore, '[t]he manner of giving notice is committed to the sound discretion of the court," 3B Moore's Federal Practice ¶ 23.80[3], at 23–513 (1982), as is suggested by Rule 23's statement that notice of settlement shall be "in such manner as the court directs'. The notice, however, must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the

---

[3] York CI posted the Notice in all housing units prior to June 29, 2020, but due to an inadvertent misunderstanding, Notice was not distributed to all inmates until June 30, 2020. Thereafter, all newly admitted female offenders were given notice for fourteen days until July 14, 2020. *See* Declaration of Warden Sexton. **Exhibit** 15, ¶¶ 5, 6.

[4] A separate report will be filed in compliance with this paragraph of the order.

5

pendency of the action and afford them an opportunity to present their objections", *Mullane v. Central Hanover Bank & Trust Co., supra*, 339 U.S. at 314, 70 S.Ct. at 657, and it must 'afford a reasonable time for those interested to make their appearance,' *id*" *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1982).

The parties previously jointly submitted a brief to this Court stating that that this method of giving notice is fair, adequate and reasonable and satisfy any requirements of due process which apply under these circumstances. First, here the Defendants paid the costs of giving notice, and in fact gave out over 10,000 individual Notices which is contrary to the general rule that plaintiffs must pay for the cost of notice as part of the ordinary burden of financing their own suit. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 179 (1974). As a practical matter it was simply more efficient and expeditious for the Defendants to have arranged for, paid and distributed the appropriate number of copies to each facility so that each person incarcerated in a DOC facility got an individual copy of the Notice. This procedure had been successfully utilized by the DOC on a number of occasions. *See e.g. West v. Manson,* No. 2:83-CV-366(RNC), 2017 WL 3913939, at *4 (D. Conn. Sept. 7, 2017). In *West v. Manson*, the Court found that posting in the housing units for fifteen days provided adequate notice. *Id.* Both postings and individual notices were successfully utilized again in this case, and the defendants respectfully request that the Court make a finding in this case that the giving of the Notice, as was done here, provided adequate notice to the class.

This is a Rule 23(b)(2) class and therefore, "the best notice practicable under the circumstances" is not required, but rather, in the Rule 23(b)(2) context "absent class members need not receive notice or an opportunity to opt out. *See Wal–Mart,* 131 S.Ct. at 2559." *Amara v. CIGNA Corp.,* 775 F.3d 510, 520 (2d Cir. 2014)(citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011)("(b)(2) does not require that class members be given notice and opt out rights, presumably because it is thought (rightly or wrongly) that notice has no purpose when the class is

mandatory, and that depriving people of their right to sue in this manner complies with the Due Process Clause."). Here, even though it has previously been found that posting alone is adequate notice, e.g. in *West v. Manson, supra*, Defendants distributed individual notices to each person who was incarcerated in a DOC facility on a date certain, and also provided a fourteen day period of distribution of individual notices going forward after that. See Exhibits 3-16. Over 10,000 individual notices were distributed.

In *West v. Manson, supra*, this Court found that a 15-day period for giving notice was an adequate period of time to provide notice and obtain comments and/or objections. In this case, the Notice given was far more expansive. In addition to individual notices to each class member, in this case, Defendants posted the Approved Notice in housing units and also on the DOC website. See Exhibit 2, Rodriguez Decl. Indeed, in providing a Spanish translation of the Notice, voluntarily, the Defendants exceeded the Notice requirements ordered by the Court. *Id*. Every housing unit had copies of the entire Settlement Agreement, both extra copies and copies placed in binders, so that inmates who wanted to, could, upon request, read the entire agreement. Copies of the entire Agreement were also available on request to the FOI liaison. A total of over 300 copies of the entire agreement were reproduced and made available to the members of the class.

## **CONCLUSION**

For the reasons set forth above, and as established by the accompanying Declarations, the Court should grant the motion, and make findings of facts that the Notice to the class was adequate, and that class members were adequately apprised of the terms of the Settlement Agreement. As noted above, counsel for the class does not oppose this request.


DEFENDANTS
NED LAMONT, *et al*,

WILLIAM TONG
ATTORNEY GENERAL

BY: _____

James M. Belforti
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Tel:  (860) 808-5450
Fax:  (860) 808-5591
Federal Bar No. ct30449
E-Mail:  james.belforti@ct.gov

BY:\_\_\_/s/ Terrence M. O'Neill_____
Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct10835
E-Mail: Terrence.oneill@ct.gov
Tel: (860) 808-5450
Fax: (860) 808-5591

BY: */s/ Steven R. Strom*_____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450
Fax:  (860) 808-5591
Federal Bar #ct01211
E-Mail:  steven.strom@ct.gov

BY*:\_\_\_/s/ James W. Donohue*_____
James W. Donohue
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct28566
E-Mail:  james.donohue@ct.gov
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that on July 17, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e- mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                     */s/ Steven R. Strom*
                                     Steven R. Strom
                                     Assistant Attorney General