UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRE MCPHERSON, PATTIKATE WILLIAMS-VOID, JOHN DOE, JOHN ROE, and THOMAS CAVES, *on behalf of themselves and all others similarly situated*,<br>    *Plaintiffs*,<br>v.<br>NED LAMONT and ROLLIN COOK, *in their official capacities*,<br>    *Defendants*. | Civil No. 3:20cv534 (JBA)<br><br>July 20, 2020 |

**ORDER DENYING POST-NOTICE OPT-OUT AND INTERVENOR MOTIONS**

Before the Court are various motions ("Post-Notice Motions") related to the Parties Rule 23(c)(2)(A) notice to the Class, which is composed of individuals incarcerated in Connecticut Department of Correction facilities, and their proposed settlement.

On June 19, 2020, the Court granted the parties' Joint Motion for Fairness Hearing and for Order Approving Notice to the Class. ([Doc. # 112].) The Court determined that the parties' notice to the Class was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections and also afford a reasonable time for those interested to do so." (*Id.* at 1 (citing *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1982).)

Subsequent to the issuance of this notice, some Class Members submitted motions and requests for various forms of relief related to this action. (Rupert Thompson Mot. to Intervene [Doc. # 127]; Objs. to Settlement and Request to Opt-Out by Fifty Class Members [Docs. ## 135, 153]; Objs. to Settlement and Request to Opt-Out by Seven Class Members [Doc. # 137]; Derrick Taylor Mots. to Intervene and for Ext. Time to Appeal Settlement [Doc. # 152]; Glen Sharkany

Mot. to Stop Payout to ACLU Attorneys [Doc. # 154]; Glen Sharkany Mot. to Dismiss [Doc. # 155]; Shakee Galberth. Not. Opt-Out [Doc. # 158]; Not. Opp. and Request to Opt-Out by Three Class Members [Doc. # 159]; Tyrone Rosa and Angel Dethomas Nots. Opt-Out [Doc. # 164].) Generally, these Class Members register objections to the settlement and seek to withdraw from the settlement or intervene in a manner that would allow them to alter the terms of the settlement. For example, an objection motion, submitted by Class Member Derrick Taylor, registers complaints about the sanitation conditions at MacDougall-Walker Correctional Institution, describes his difficulties in communication with Class Counsel, and states that he "personally need[s] time to determine whether to appeal the impending settlement" in this case. (Derrick Taylor Mots. to Intervene and for Ext. Time to Appeal Settlement at 8.) Another objection motion, submitted by fifty Class Members, makes "demands" for the State of Connecticut to "offer a public apology to incarcerated people and their families for its history of human rights abuses." "releas[e] at least 50% of incarcerated people before the end of 2020," and "reduce public expenditures on incarceration by 50% in 2020," among other things. (Objs. to Settlement and Request to Opt-Out by Fifty Class Members at 4-5.) These objectors ask the Court to use its discretion to "allow [these] individuals to opt-out of membership in [this] class action, even" though it is "a mandatory Rule 23(b)(2) class action." (*Id.* at 5 (citing *McReynolds v. Richards-Cantave*, 588 F.3d 790, 800 (2d Cir. 2008)).)

Defendants oppose these requests for relief and ask the Court to deny "all pending motions to opt out" and "all motions to intervene." (Def.'s Opp. to All Pending Mots. to Opt-Out and Intervene [Doc. # 170] at 7.) Defendants contend that "claims for individualized relief . . . do not satisfy Rule 23(b)(2)." (Def.'s Opp. at 2 (footnote omitted).) Defendants note that the approved Rule 23 "Notice did not advise the class members that they have a right to opt out, as that would

not have been a reasonable interpretation of the law pertaining to (b)(2) classes, and it would not have been a 'neutral' notice." (*Id.* at 3 (emphasis omitted).) Defendants further observe Plaintiffs' Complaint raises claims that are injunctive in nature and "contains no prayer for relief of monetary damages," rendering this case "easily distinguishable" from the discretionary opt-out cases upon which objectors rely, as those "involved monetary compensation for class members." (*Id.* at 6.) Defendants assert that this case is instead governed by the principles articulated in *Messier v. Southbury Training School*, 183 F.R.D. 350, 355 (D. Conn. 1998), which explained that "ordering opt-outs could be counterproductive in a suit for declaratory or injunctive relief." Defendants also suggest that opting out of this Rule 23(b)(2) action would have "little practical value or effect" on the objecting Class Members because those "who opted out could not avoid the effects of the Settlement Agreement, and would enjoy the benefits of the Agreement," but such opt-outs would ultimately "deprive the defendants of the benefit of their bargain." (Def.'s Opp. at 6.)

Following a review of objectors' requests for relief, the Court agrees with Defendants that denial is proper. As the Supreme Court has explained, Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011).[1] That is because the "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Id.* at 360 (internal quotation marks omitted).

---

[1] The Court notes that each of the cases cited by the fifty objectors in support of their opt-out request was issued prior to the Supreme Court's ruling in *Dukes*.

Accordingly, the Court DENIES the Post-Notice Motions [Docs. ## 127, 135, 137, 152 153, 154, 155, 158, 159, 164] insofar as they request individualized relief. The substance of the objections to the Settlement Agreement voiced in these motions will generally be reviewed at the July 20, 2020 Fairness Hearing.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 20th day of July 2020.