UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| TRE MCPHERSON, PATTIKATE WILLIAMS-VOID, JOHN DOE, JOHN ROE, and THOMAS CAVES, *on behalf of themselves and all others similarly situated*,<br>      Plaintiffs,<br>    v.<br>NED LAMONT and ROLLIN COOK, *in their official capacities*,<br>      Defendants. | Civil No. 3:20cv534 (JBA)<br><br>July 20, 2020 |
|---|---|

**ORDER GRANTING DEFENDANTS' COMPLIANCE MOTION**

On June 19, 2020, the Court granted the parties' Joint Motion for Fairness Hearing and for Order Approving Notice to the Class. ([Doc. # 112].) The Court determined that the parties' Rule 23 notice to the Class was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections and also afford a reasonable time for those interested to do so." (*Id.* at 1 (citing *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1982)).) Defendants now, without objection from Plaintiffs, "move for an Order finding compliance with the Order Directing the Giving of Notice and that the giving of Notice was adequate." ([Doc. # 166] at 1.)

Defendants recount that the Rule 23(c)(2)(A) Notice, "drafted jointly by the parties, with significant input from plaintiffs' counsel, was submitted to" and approved by this Court, which "necessarily found that the Notice met the requirement that 'the notice must "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings . . . and it must be neutral."'" (Defs.' Mem. Supp. Compliance Finding Mot. [Doc. # 167] at 3 (quoting *Weinberger*, 698 F.2d at 70).)

Defendants emphasize that "the Notice did <u>not</u> advise the class members that they have a right to opt out, as that would not have been a reasonable interpretation of the law pertaining to (b)(2) classes, and it would not have been a 'neutral' notice." (*Id.*)

Defendants state that the evidence shows that they complied with the Court's requirement that they "shall arrange and pay for a sufficient number of copies of the Notice so that each person who is incarcerated in a DOC facility shall receive an individual copy of the Notice to the Class," as fourteen Department of Correction ("DOC") Facility Wardens have submitted declarations describing their distribution methods. (*See* Exs. 3-16 (Warden Decls.) to Defs.' Compliance Finding Mot. [Docs. ## 166-3 to 166-16].) The Wardens declare that "sufficient numbers of copies of the Notice to the Class were made and copies were distributed to each person who was incarcerated" at the respective corrections facilities that each oversees, and that a copy of the Rule 23 notice was given to each "newly admitted" prisoner. (*Id.* ¶¶ 5, 6.) The Wardens also aver that "copies of the Notice to Class were posted in each housing unit, dormitory or other living areas where the Notice may be seen" and that they have "observed the posted Notices" when "tour[ing] the facilit[ies]." (*Id.* ¶ 7.) Additionally, the Wardens state "[s]everal copies of the settlement have been made and distributed to each housing unit for inmates to review," and that "[i]f inmates want to obtain their own copy of the settlement agreement, they have been instructed to write to the facility's FOI liaison or the ACLU." (*Id.* ¶ 8.)

Defendants have also provided the declaration of DOC District Administrator Hipolito Rodriguez, who presently has "general supervisory authority over all correctional facilities" run by DOC "except for Willard-Cybulski CI and York CI." (Ex. 2 (District Administrator Decl.) to Defs.' Compliance Finding Motion [Docs. # 166-2] ¶ 3.) District Administrator Rodriguez avers that DOC also provided Spanish translations of the Rule 23 Notice at the request of inmates. (*See id.* ¶¶

2

7, 8.) He also represents that the Rule 23 notice was "posted on the DOC website, in both English and Spanish." (*Id.* ¶ 9.)

The Court finds that the foregoing evidence establishes that that the Notice to the class was adequate, and that class members were adequately apprised of the terms of the Settlement Agreement. Accordingly, Defendants' Motion for an Order Finding Compliance with the Order Giving Notice to the Class and for a Finding of Adequacy of the Notice Given [Doc. # 166] is GRANTED.

IT IS SO ORDERED.

_____/s/_____<br>
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 20th day of July 2020.