# MANDATE

D. Conn.
20-cv-534
Arterton, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-one.

Present:
      Dennis Jacobs,
      Rosemary S. Pooler,
      Michael H. Park,
           *Circuit Judges*.

_____

Tre McPherson, on behalf of themselves and all others similarly situated, et al.,

           *Plaintiffs-Appellees*,

    v.                                      20-2949(L)

Ned Lamont, in their individual capacities,
Rollin Cook, in their individual capacities,

           *Defendants-Appellees*,
    v.

Michael A. Young, Derrick Taylor,

           *Movants-Appellants*.[1]

_____

      Appellant Michael A. Young, pro se, moves for leave to proceed in forma pauperis, for free transcripts, and for "color of law" relief. This Court has determined, nostra sponte, that it lacks jurisdiction over this appeal because it is moot. *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (per curiam) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)).  The settlement

---

1 The Clerk of the Court is directed to amend the caption as above.

**MANDATE ISSUED ON 04/23/2021**

agreement from which Young appealed expired on December 31, 2020. D. Conn. 20-cv-534, doc. 272. "In order to satisfy the [Constitution's] case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Williams*, 475 F.3d 468, 478–79 (2d Cir. 2007) (quotation marks omitted). Thus, "if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [this Court] must dismiss the case." Id. at 479 (quotation marks omitted).

Upon due consideration, it is hereby ORDERED that the appeal is DISMISSED for lack of jurisdiction. The termination of the settlement agreement, Young is no longer affected by its terms , such that there is no longer an actual injury that can be redressed. *See, e.g., Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013) ("Federal courts have no constitutional power to consider a moot case, which does not present a live controversy."). It is further ORDERED that Appellant's remaining motions are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit